## LYDIA EDDY *v.* L. M. LONGSHAW.

[Kentucky Law Reporter, Vol. 2—423.]

**Malicious Prosecution.**

> Where there is an absence of probable cause for having one prosecuted for crime the law will imply malice; and it is with the jury to say whether malice existed, first being charged as to what constituted probable cause.

### APPEAL FROM HARDIN CIRCUIT COURT.

May 13, 1881.

OPINION BY JUDGE PRYOR:

The question in this case was whether the defendant (appellee) was informed or in possession of such facts as would induce one of ordinary prudence and discretion to believe the plaintiff guilty of the alleged larceny for which she had been tried and "acquitted." That the appellee had the appellant tried and convicted on a charge of grand larceny is admitted. If there is an absence of probable cause the law will imply malice, and it is

with the jury to say whether malice existed or not; but the jury should have been told what constituted probable cause, and not left to determine both the law and facts of the case. What amounts to probable cause has already been stated, and when this definition has been given it is with the jury to say whether or not the appellee had sufficient grounds for having the appellant arrested.

The general character of the appellant was not successfully assailed, and the testimony of the witness that he heard one person say she was of bad repute should have been excluded from the jury, also the statement of others made to the effect that they knew appellant took the lumber—this was incompetent, whether to contradict the witness or as evidence in chief. It was also incompetent to permit the evidence of the quarrel between appellant and appellee's wife to go to the jury. It shed no light on the issue raised. Nor was it proper for counsel to offer to prove by the physician, either before or after the testimony closed, that he had at one time delivered appellant of a bastard child. While this was not permitted to be done, still the object was to prejudice the case of the appellant, and could in no matter elucidate the question involved.

The appellee has pleaded in defense of this case the grounds relied on for his action in causing the arrest and making the affidavit, and this is the cause to be tried. The inquiry as to general character of the appellant for honesty may be made, but what some one may have said in regard to her character is clearly incompetent.

For the reasons indicated the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Wilson & Hobson, for appellant.*